

# THE ATTORNEY GENERAL
## OF TEXAS

January 13, 1989

JIM MATTOX
ATTORNEY GENERAL

Honorable William R. Moore          Opinion No. JM-1007
Tom Green County Attorney
112 W. Beauregard                   Re: Applicability of certain
San Angelo, Texas 76903             statutes to the actions of a
                                    local salary grievance com-
                                    mittee (RQ-1574)

Dear Mr. Moore:

You ask whether a county salary grievance committee may meet without the county judge, and if so, may the committee deliberate and vote in closed session.

It appears that your questions are prompted by a grievance committee hearing concerning the equalization of a constable's compensation in the county. Information furnished by you reflects that the county judge directed a commissioner to chair the hearing in his absence. You further state that after the hearing the committee held a closed session to deliberate and vote. The presiding county commissioner participated in the closed session, but left before the vote was taken by the committee.

Section 152.014 of the Local Government Code provides for the composition of the salary grievance committee. Section 152.014 states:

> (a) In each county there is a salary grievance committee composed of the county judge and:
>
> (1) the sheriff, county tax assessor-collector, county treasurer, county clerk, district clerk, county attorney or criminal district attorney, and the number of public members necessary to provide nine voting members; or
>
> (2) nine public members, if the commissioners court votes on the second Monday in January each year to have nine public members.

(b)   The county judge  is chairman of  the committee, but is not entitled to vote.

(c)   Public members must  be residents  of the county.

While no statutory provision is made for appointment of a chairman of  the committee  in his absence,  no reason  is perceived why a commissioner serving solely in the  capacity of a non-voting chairman of the committee by appointment  of the county judge  would invalidate any  action taken by  the committee that was regular in all other respects.

You also ask whether the deliberations and vote by  the committee in closed session renders its action invalid.

In Attorney General Opinion  H-1281 (1978) it was  concluded that a salary grievance committee is a  "governmental body" under article  6252-17, V.T.C.S., and  is required  to comply with the requirements of the Open Meetings Act.   All "meetings" held by "governmental bodies" must be open to the public unless an executive  session is expressly  permitted. V.T.C.S. art.  6252-17, § 2(a).   <u>Cox Enterprises,  Inc.  v. Board of Trustees  of the  Austin Indep.  School Dist.</u>,  706 S.W.2d 956, 958  (Tex. 1986).   Also, even  if an  executive session is authorized,  no votes may  be taken in  executive session.   The deliberations and vote of a governmental  body come within the definition  of a "meeting"  as that term  is defined in section 1(a) of article 6252-17.   Section 2(<u>l</u>) of the Open  Meetings Act  requires that  all  final actions, decisions,  or votes  be  made  in  open  meetings.   <u>Cox Enterprises</u>, 706 S.W.2d at 958.

You do not  suggest that  the "meeting"  you have  described comes within any exception to the act.  <u>But see</u>  art. 6252-17, § 2(g); <u>cf.</u> Attorney General Opinion H-496  (1975). Section 3(a), provides that any  action taken by a  "governmental body" in violation of this act is voidable.   Whether a particular action should be invalidated must be decided in district court, and cannot be decided as a matter of law  in an opinion of  the attorney general.   <u>See</u> Attorney  General Opinion JM-985 (1988).

### S U M M A R Y

The action  taken  by a  salary  grievance committee  with  a  non-voting  commissioner presiding  by designation of an absent  county judge is not invalid because of his  absence. The deliberations  and  vote  of  the  salary

grievance committee in  closed session is  in
violation of article  6252-17, V.T.C.S.,  and
any action taken at the meeting is voidable.

Very truly yours

**JIM  MATTOX**
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General